IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHALE M. DIXON, | ) | 4:13CV3204 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEBRASKA CORRECTIONAL | ) | |
| FOR WOMEN, | ) | |
| | ) | |
| Respondent. | ) | |

     This matter is before the court on its own motion. Petitioner provisionally filed her Petition for Writ of Habeas Corpus ("Petition") on December 9, 2013. (Filing No. 1.) Due to certain technical defects, the Petition cannot be further processed. To assure further consideration of the Petition, Petitioner must correct the defects listed below. **FAILURE TO CORRECT THESE DEFECTS WILL RESULT IN DISMISSAL OF THE PETITION.**

     Petitioner has failed to include the $5.00 filing fee. Petitioner has the choice of either tendering the $5.00 fee to the Clerk of the court or submitting a request to proceed in forma pauperis and an affidavit of poverty in support thereof. If Petitioner chooses to do the latter, the enclosed pauper's forms should be completed and returned to this court.

     Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that "if the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." In habeas corpus challenges to present physical confinement, the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2005). Petitioner has named the Nebraska Correctional Center for Women as Respondent in this matter. The Nebraska

Correctional Center for Women is not the proper respondent in this case. In order for this matter to proceed, Petitioner must file an amended petition for writ of habeas corpus naming the current warden of Petitioner's place of confinement as the respondent. In the alternative, Plaintiff may file a motion to substitute party in which she asks the court to substitute the current warden of her present place of confinement as the respondent.

IT IS THEREFORE ORDERED that:

1. Petitioner is directed to correct the above-listed technical defects within 30 days of the date of this Memorandum and Order. Failure to comply with this Memorandum and Order will result in dismissal of this matter without further notice.

2. The Clerk of the court is directed to send to Petitioner the Form AO241 ("Petition for Relief From a Conviction or Sentence By a Person in State Custody") and the Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit").

3. The Clerk of the court is directed to set a pro se case management deadline in this matter with the following text: January 13, 2014: Check for MIFP or payment and amended petition or motion to substitute party.

DATED this 16th day of December, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.